## FIRST DEPARTMENT, JANUARY, 1924.

THE GENERAL COMMERCIAL COMPANY, LTD., Appellant, *v.* WILLIAM SCHALL and Others, Copartners, etc., Respondents.

*Sales — action by buyer to recover for breach of contract — judgment in favor of defendant affirmed.*

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office on October 13, 1922, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case, after a trial at the New York Trial Term.

Judgment affirmed, with costs. No opinion. Present — Clarke, P. J., Dowling, Smith, Merrell and McAvoy, JJ.; Smith, J., dissenting.

SMITH, J. (dissenting): The action is brought by the buyer against the seller to recover for breach of contract of sale. The contract is for granulated sugar and the questions arise under three clauses of that contract: *First,* " goods to be ready for delivery during January, 1920, but not before the 20th; " *second,* " we to furnish you with shipping instructions at least 10 days prior to shipment;" *third,* delivery to be made " f. a. s. New York." It was provided that the buyer should export the goods and " if for any reason whatsoever the buyer shall fail to furnish the documents as aforesaid, in consequence whereof the seller shall be deprived of the benefit of the drawback allowed by law, the buyer hereby agrees to pay to the seller on demand a sum equal to the amount which the seller would have recovered by way of drawback but for the nonperformance aforesaid." Shipping instructions were given upon the twenty-sixth of January. Those

instructions provided for delivery to a warehouse in the borough of Manhattan. At the trial the court directed judgment for the defendants, and it is from this judgment that the plaintiff is here appealing. This judgment cannot be sustained on the ground that the shipping instructions provided for delivery to a warehouse while the contract provided for delivery f. a. s. New York. In the first place no objection was made upon this ground. Moreover, when defendants refused to perform the defendants' representative, Mr. Paine, was specifically asked if he objected to the instructions to deliver to the warehouse, and he said " no, there is no objection to the warehouse, but he would not receive any instructions from us at all, and I told him there was no steamer in January and we could not get a steamer." Not only, therefore, was there no dissent to the claim, but the defendants expressly waived any variance in the shipping instructions as to the point of delivery. Such waiver is pleaded in the complaint. We are thus brought to an interpretation of the contract itself. The objection made by the defendants was that the instructions were not given until the twenty-sixth of January, and that ten days from that time would be beyond the thirty-first of January, after which time they were not bound to deliver under the contract. But the contract nowhere required delivery to be made in January, but simply that the goods were " to be ready for delivery " in that month not before the twentieth. The vendor would have satisfied the requirement of the contract if the goods were ready for delivery on the thirty-first day of January. Professor Williston in his book on Sales (in § 457, at p. 783) says: " Conversely if the buyer is to take goods when the seller has manufactured them or made them ready for delivery, the buyer's obligation to take the goods is qualified by the condition that notice of the completion of the goods be given." Not only was there no notice ever given that the goods were ready for delivery, but about the twentieth of January and the day following and several times thereafter the defendants refused to tell the plaintiff when the goods were to be ready for delivery. These contracts are to be construed reasonably. The goods were to be exported. The steamer must be selected and space must be obtained in that steamer. By fair import that space could not be selected until the buyer knew that the goods were ready for delivery, and if under the contract, as seems clear, the goods need not be ready for delivery until the thirty-first day of January, the buyer had at least until that time to secure space upon a boat and give the instructions after which the seller had the ten days to make the delivery. The buyer within the rules of law was required to give that notice within a reasonable time after the goods were ready for delivery, and was not bound to give the instructions until the goods were ready for delivery. The interpretation of the contract claimed that, notwithstanding the seller had until the thirty-first of January to have the goods ready for delivery, nevertheless, the buyer must give shipping instructions on the twentieth or twenty-first of January, so that ten days would expire before the thirty-first of January, is an interpretation so far against reason that it appears to me not to be open to argument. This buyer has done more than he was required to do by law by giving shipping instructions before he had notice that the goods were ready for delivery, and especially in view of the seller's refusal to tell him when the goods were to be ready for delivery. As that variation was impliedly waived by not making the specific objection, and was expressly waived by Mr. Paine as representing the defendants, the plaintiff has to my mind proven a clear cause of

action for an unjustifiable breach of contract and the dismissal of its complaint was error. The case of *Bencoe* v. *Christianson* (191 App. Div. 99) is no authority for any other rule. In that case the contract was construed as not to contain any agreement on the part of the buyer to pay the drawback if the goods should be lost by a fire in the warehouse or otherwise. In the case at bar such an agreement is expressly included in the contract. The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.